# Moss *v.* The State.

*Prosecution for Failure to Work on Public Road.*

1. *Failure to work public road; excuse; sufficiency of, question for jury.*—Whether or not defendant had a sufficient excuse for failure to work public road, after warning, is clearly a question for the jury, and the giving of affirmative charge for State is error.
2. *Same; certificate of County Board of Health unnecessary.*—In such case, certificate of County Board of Health is not necessary in order to establish sufficient excuse for a single default; such certificate, required by Section 2452 of the Code, has reference to exemption from road duty.

[Moss v. The State.]

APPEAL from the Circuit Court of Henry.
Tried before Hon. JNO. P. HUBBARD.
No counsel marked as appearing for the appellant.

MASSEY WILSON, Attorney-General, for the State.

The facts of the case are sufficiently stated in the opinion.

ANDERSON, J.—This prosecution was started by an indictment by the grand jury under section 5392. of the Code of 1896, and not under section 2481 of the Code.

Section 5392 provides that, "Any person, liable to road duty, who willfully fails or refuses, after legal notice, to work the public roads, either in person or by substitute, without a sufficient excuse therefor, must, on conviction, be fined," etc.

The defendant testified that at the time he was warned to work he was physically unable to do so, and also introduced sworn certificates from physicians as to his condition, the introduction of which was not objected to by the State. It was therefore clearly a question for the jury as to whether or not the defendant had a sufficient excuse for said default, and the trial court erred in giving the general affirmative charge for the State.

Section 2452, requiring certificate of incapacity from the county board of health, has reference to exemption from road duty, and such a certificate is not necessary in order to establish a sufficient excuse for a single default.

To hold that every default, without a certificate as provided by section 2452, was a violation of the law, would emasculate section 5392 of its wise and humane meaning and make our statutes on this subject, in some cases, instruments of cruelty and torture.

There may be a tendency to shirk public duty and excuses are often fabricated, but to hold that every defaulter was guilty under the law, unless at the time he defaulted he had a certificate of exemption from the

county board of health, would be a most unreasonable and oppressive construction of the law.

Reversed and remanded.

McClellan, C.J., Tyson and Simpson, J.J., concurring.