JENKS v. STATE. (7 Div. 827.)

(Court of Appeals of Alabama. Jan. 16, 1923.)

1. **Criminal law** ⬅1044—Motion to exclude remark of solicitor necessary for review.

For review, motion to exclude remark of the solicitor is necessary; mere objection thereto is not enough.

2. **Criminal law** ⬅720(8)—Solicitor's statement not of a fact not in evidence.

Statement of the solicitor, on objection by defendant, in prosecution for larceny and receiving stolen goods, to evidence of confession, on the ground that the corpus delicti had not been proved: "I have proven that the stuff was taken away * * * and kept ten days," held not of an independent fact not in evidence, but of the solicitor's conclusion, from the facts proven, and an argument to the court.

3. **Criminal law** ⬅517(3)—Confession admissible after evidence of corpus delicti.

A confession is admissible after there has been adduced evidence of the corpus delicti from which the jury may conclude that the crime was committed.

4. **Criminal law** ⬅696(9)—Responsive answer to proper question not excluded.

The objection to a question being properly overruled, motion to exclude the answer, where it was responsive, was properly overruled.

5. **Criminal law** ⬅834(4)—Requested charge on confessions properly qualified by court.

Defendant's requested charge, in prosecution for larceny and receiving stolen property: "Any statement or confession of defendant cannot be considered * * * in determining whether * * * the property was stolen," was, to prevent confusion, properly qualified by adding that the jury, if convinced that the property was stolen, could consider any statement or confession in determining whether defendant was the one who stole it, or whether he had it in his possession, knowing it to be stolen and without intention to restore it to the owners.

6. **Criminal law** ⬅517(4)—Sufficient evidence of corpus delicti to admit a confession.

Sufficient evidence of corpus delicti, on prosecution for larceny and receiving stolen property, held adduced to admit a confession.

7. **Larceny** ⬅55—Receiving stolen goods ⬅8(3)—Sufficient evidence to sustain conviction.

Evidence on prosecution for larceny and receiving stolen property held sufficient to sustain a verdict of guilty.

Appeal from Circuit Court, Talladega County; A. P. Agee, Judge.

Grady Jenks was convicted of grand larceny and receiving stolen property, and he appeals. Affirmed.

The indictment charged the defendant with the larceny of a horse and mule from the Orphans' Home of the Synod of Alabama; and also that he bought, received, or concealed the same. The Superintendent of the Orphans' Home testified that the animals were put in the grass late Saturday evening, according to custom, and were missed Sunday afternoon, May 15; that a search was made for them on Monday without success; that they were absent until the sheriff, or his agent, returned them on or about May 26; that the defendant had worked at the Home, and was last seen by witness on May 13. The witness Hamlin, called by the state, testified that he was sheriff of Clay county; that he found defendant in that county; and was asked what the defendant had stated to him about the stolen property. To this question defendant objected, on the ground that the corpus delicti had not been proven, after which the record shows the following:

"Whereupon counsel for the state stated: 'I have proven that the stuff was taken away from the Synod and kept ten days.' Whereupon, then, and there, counsel for the defendant objected to the statement of the counsel for the state, stating to the court: 'I except to that statement of the solicitor.' Whereupon the court stated: 'I will overrule the objection that the corpus delicti has not been proven.' And to this ruling of the court defendant's counsel then and there duly and legally reserved an exception."

The further testimony of this witness was to the effect that witness asked defendant about some stock; that defendant told him he had a horse at his brother's; that defendant took him to where the horse was, and that witness found the mule in "Mr. Jones' pasture"; that defendant told witness he had bought the horse, giving therefor a watch and $2.50 in money; that he had bought the horse from a person, whose name, route, and box was given witness; that witness could not recall the name, but that he had made inquiry and was unable to find such person; that he had long been a resident of Clay county, but that he had never heard of the man from whom defendant claimed to have bought the horse. Other evidence tended to establish the ownership of the animals in the Synod and their loss during the period stated.

There was a general verdict of guilty, and, from the judgment thereon, defendant prosecutes this appeal.

The court gave this charge at the request of defendant: "Any statement or confession of the defendant cannot be considered by you in determining whether or not the property was stolen;" and immediately after reading the same, stated to the jury:

"If the jury is convinced that the property was stolen, any statement or confession may be taken into consideration by the jury in determining whether or not he was the party who stole the property, or whether or not he had it in his possession, knowing it to be stolen and without the intention to restore it to the owner."

Earle Montgomery, of Talladega, for appellant.

It must be shown that the goods were stolen before the offense of larceny or receiving stolen property can be established. 167 Ala. 85, 52 South. 417, 28 L. R. A. (N. S.) 536. The burden is upon the state to prove the corpus delicti by independent evidence, and no confession is admissible until this is met. 207 Ala. 444, 93 South. 460. Acts 1915, p. 815, is mandatory, and any qualification of a written charge, requested by either party, otherwise than is provided by the act, is erroneous. 102 Ala. 304, 15 South. 528; 3 Ala. App. 634, 57 South. 122. Defendant's motion to exclude all the evidence against him should have been granted. 15 Ala. App. 72, 72 South. 557; 100 Ala. 139, 14 South. 792.

Harwell G. Davis, Atty. Gen., and Lamar Field, Asst. Atty. Gen., for the State.

If there be any evidence of the corpus delicti, it becomes a question for the jury. 18 Ala. App. 261, 89 South. 897; 207 Ala. 444, 93 South. 460. Even if the corpus delicti has not been proven at the time of a confession or incriminating statement, if it be later proven, that is sufficient. 18 Ala. App. 354, 92 South. 35.

SAMFORD, J. [1, 2] The first insistence of appellant is that the court erred in overruling his objection to a remark of the solicitor to the court, during the taking of the testimony, "I have proven that the stuff was taken away from the Synod and kept 10 days." No motion was made to exclude this remark. Boyett v. State (Ala. App.) 92 South. 515; [1] Lambert v. State (Ala. Sup.) 93 South. 708. [2] Besides, the statement was not of an independent fact not in evidence, but was a statement of the conclusion of the solicitor, from the facts proven, and an argument addressed to the court.

[3, 4] Appellant next insists that the corpus delicti had not been proven, and therefore any evidence of a confession was illegal. It is the law that evidence of confessions is not admissible until evidence of the corpus delicti has been adduced, from which the jury may conclude that the crime charged has been committed. There was evidence from which the jury could conclude that the mules were stolen, and hence evidence of the confession was admissible. Driver v. State (Ala. App.)

[1] 18 Ala. App. 363.
[2] 208 Ala. 42.

89 South. 897; [3] Hill v. State, 207 Ala. 444, 93 South. 460. The objection to the question being properly overruled and the answer being responsive, the court properly overruled the motion to exclude.

[5] The qualification of charge A, as requested by the defendant, by a statement of the court in explanation thereof was not error. Without the explanation, the charge given at defendant's request might have confused the jury, and it was the duty of the court to guard against this.

[6, 7] The remaining rulings complained of are based on the contention that there was not sufficient evidence of the corpus delicti to admit a confession, and, even if that were so, the evidence is not sufficient to sustain a verdict of guilt. We find no difficulty in finding that, sufficient evidence had been introduced to establish the corpus delicti, at the time proof of confession was made, and that there is sufficient evidence to support the verdict.

Let the judgment be affirmed.

Affirmed.