(102 So. 621)

### RATLIFF v. STATE. (6 Div. 169.)

(Supreme Court of Alabama. Nov. 20, 1924. Rehearing Denied Jan. 22, 1925.)

1. **Criminal law 589(1), 627(4), 631(4)—Refusal to set aside service of venire and indictment, because not served forthwith on defendant, held proper.**

Court did not err in refusing to set aside service of venire and indictment on defendant and to grant a continuance because copy of indictment and list of jurors were not served forthwith on defendant by sheriff, where venire was drawn on March 8th, and trial had on March 19th, and on March 13th copy of indictment and venire were duly served.

2. **Criminal law 627(5)—Variance between original indictment and copy served on defendant held harmless.**

Variance between original indictment and copy served on defendant was harmless, where it only related to an omission in the copy of two words from first count of indictment on which state took a nolle prosequi, and jury rested its verdict of guilty on another count.

3. **Criminal law 538(3), 563—Rule as to proof necessary to establish corpus delicti stated.**

Burden is on state in every criminal prosecution to prove beyond reasonable doubt that crime charged had been, in fact, committed, and that accused is person who committed it, and circumstantial evidence may afford satisfactory proof of corpus delicti, and inconclusive facts and circumstances tending prima facie to show corpus delicti may be aided by admissions or confessions of accused, although standing alone they would not satisfy jury of existence of corpus delicti.

4. **Homicide 228(2)—Evidence held sufficient to establish corpus delicti.**

In murder prosecution, evidence *held* sufficient to authorize finding that crime had been committed, and that defendant was guilty

agent, though there were no eyewitnesses, and evidence was circumstantial.

5. **Homicide 174(1)—Defendant contending that deceased, his wife, fell out of his car, evidence that there was hospital much nearer scene of accident than one to which wife finally taken held admissible.**

In prosecution for wife murder, in which defendant contended that decedent fell out of his car, evidence that there was a hospital much nearer scene of alleged accident than one to which decedent was finally taken was admissible; defendant's statements as to cause of decedent's death not being in nature of a confession, and court requiring that proof show that such statements were voluntarily made.

6. **Homicide 280—Whether defendant was guilty agency by which decedent received mortal wound held for jury.**

In prosecution for wife murder, in which defendant contended that decedent fell out of his car, whether he was guilty agency by which she received her mortal wound *held* for jury.

7. **Homicide 169(3)—Evidence as to what occurred between defendant and deceased, his wife, at hotel shortly before fatal injury on highway, held admissible as tending to show malice and motive.**

In prosecution for wife murder, evidence of what occurred between defendant and his wife at a hotel on night of alleged murder and about an hour before fatal injury on highway, tending to show malice and motive, and that deceased unwillingly accompanied him, was admissible on theory' that difficulty resulting in her death was a continuing one, beginning at hotel, and ending only a very short time thereafter.

8. **Criminal law 1033(2)—Failure of bill of exceptions to show proof of venue held not to require a reversal in absence of objection below.**

Failure of bill of exceptions to show proof of venue would not require reversal in murder prosecution, in which it was alleged that decedent was accidentally killed, under circuit court rule 35, 175 Ala. xxi, where record was silent as to location of spot where accident occurred, and attention of trial court was not directed to question of venue.

9. **Criminal law 698(3)—State's proof in rebuttal, in murder prosecution supplementing evidence offered by it in chief, held no ground for complaint by defendant.**

In murder prosecution, where testimony that defendant and his wife had registered at a hotel on certain date was proved by state without contradiction, after defendant had closed his evidence, that state was permitted in rebuttal to offer sheet from hotel register, properly identified, together with proof as to defendant registering thereon, was no ground for complaint by defendant.

10. **Witnesses 267—Trial court has wide discretion in cross-examination of witnesses.**

There is a wide discretion vested in trial court as to cross-examination of witnesses.

---

For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

**11. Witnesses ⊕⇒358—Cross-examination of impeaching witness as to whether she would believe impeached witness if corroborated by other witnesses held proper.**

After defendant had offered proof of an impeachment character against state's witness, cross-examination of impeaching witness, whether she would believe impeached witness if corroborated by other witnesses, was proper.

**12. Witnesses ⊕⇒372(2)—In murder prosecution, cross-examination of defendant's witness as to her refusal to make statement before coroner held proper.**

In murder prosecution, cross-examination of defendant's witness as to her refusal to make a statement before coroner was proper, as tending to show bias or prejudice on her part.

**13. Homicide ⊕⇒171(1)—In prosecution for wife murder, proof in rebuttal that witnesses heard woman scream on night of alleged homicide held proper.**

In murder prosecution, state's proof in rebuttal that witnesses, who resided near hotel where difficulty between defendant and deceased his wife commenced, on night of alleged homicide heard a woman scream, was proper.

**14. Homicide ⊕⇒171(1)—Inability of witnesses, testifying to scream of woman, to give exact hour or location of sound, held only to affect weight of their testimony.**

That witnesses, testifying that they heard a woman scream on night of alleged wife murder, were unable to give exact hour or location of sound affected weight of their testimony, but not its admissibility.

**15. Criminal law ⊕⇒419, 420(10)—Testimony of witness as to statements made by him to defendant held properly excluded, as being immaterial and hearsay.**

In prosecution for wife murder, in which defendant contended that decedent fell out of his car, exclusion of witness's statement to defendant, after witness had testified to statements made by defendant when examining scene of accident, "that it happened just about like he said," held proper as being immaterial and hearsay.

Appeal from Circuit Court, Jefferson County; William E. Fort, Judge.

Charlie Ratliff was convicted of murder in the first degree, and he appeals. Affirmed.

Harrison & Judge and Prosch & Prosch, all of Birmingham, for appellant.

A copy of the indictment and list of jurors was not forthwith served on defendant, and he should not have been put to trial. Acts 1919, p. 1041; Haisten v. State, 5 Ala. App. 56, 59 So. 361. There was a fatal irregularity in the copy of the indictment served on defendant as to count 1. Ezell & Walker v. State, 54 Ala. 165; Nutt v. State, 63 Ala. 180; Tidwell v. State, 70 Ala. 54. The corpus delicti was not proven, and defendant was entitled to the affirmative charge. Boll-

ing v. State, 98 Ala. 83, 12 So. 782; Smith v. State, 133 Ala. 150, 31 So. 806, 91 Am. St. Rep. 21; Sanders v. State, 167 Ala. 85, 52 So. 417, 28 L. R. A. (N. S.) 536; Johnson v. State, 142 Ala. 1, 37 So. 937; Daniels v. State, 12 Ala. App. 119, 68 So. 499; Hill v. State, 207 Ala. 444, 93 So. 460; Bines v. State, 118 Ga. 320, 45 S. E. 376, 68 L. R. A. 34; 16 C. J. 773; 1 Wharton's Cr. Law, §§ 347, 434; 21 C. J. 999; 78 Am. Dec. 257, note; McCullars v. State, 208 Ala. 182, 94 So. 55. No jurisdiction is shown in the trial of the case. Isabell v. State, 101 Miss. 371, 58 So. 1; 4 Michie's Ala. Dig. 260; Anderson v. State, 18 Ala. App. 585, 93 So. 279. Defendant's alleged inculpatory statements were inadmissible. Whitehead v. State, 16 Ala. App. 427, 78 So. 467; Bonner v. State, 55 Ala. 242; Bradford v. State, 104 Ala. 68, 16 So. 107, 53 Am. St. Rep. 24; McAlpine v. State, 117 Ala. 93, 23 So. 130. A conviction cannot be predicated upon the testimony of a witness shown to be unworthy of credit. Porter v. State, 55 Ala. 95.

Harwell G. Davis, Atty. Gen., and Lamar Field, Asst. Atty. Gen., for the State.

There was no error in the matter of serving copy of the indictment on defendant. Scott v. State, 211 Ala. 270, 100 So. 211; White v. State, 209 Ala. 546, 96 So. 709; Walker v. State, 61 Ala. 30; Parish v. State, 130 Ala. 92, 30 So. 474. Corpus delicti may be proven by circumstantial evidence. 1 Mayfield's Dig. 241. The question of the sufficiency of the evidence to prove venue not having been raised in the trial court, failure of the bill of exceptions to show proof of venue will not work a reversal. Watts v. State, 204 Ala. 372, 86 So. 70; Code 1923, § 5197. The statements by defendant were not confessions, but predicate was properly laid for their admission. 4 Mitchie's Ala. Dig. 132.

GARDNER, J. Appellant was convicted of the murder of his wife and his punishment fixed at life imprisonment.

[1, 2] It is first insisted that the court erred in refusing to set aside the service of a copy of the venire and of the indictment upon defendant and grant a continuance, first, upon the ground that a copy of the indictment and the list of names of the jurors were not served forthwith on the defendant by the sheriff. The venire appears to have been drawn on March 8th—the trial was had on March 19th—and on March 13th a copy of the indictment and venire were duly served. The ruling of this court in Scott v. State, 211 Ala. 270, 100 So. 211, is decisive of this question adversely to the appellant. In the second place, that there was a variance between the original indictment and the copy served upon the defendant, citing Ezell v. State, 54 Ala. 155; Nutt v. State, 63

Ala. 180. The variance complained of, however, only related to an omission in the copy of two words from the first count of the indictment. As to this first count the state took a nolle prosequi, thus eliminating this count from the case, and the jury rested its verdict of guilt upon count 4. The materiality and effect therefore of the variance need not be considered, as, under the circumstances here stated, no possible injury could have resulted therefrom.

[3] Counsel for appellant strenuously insist that the proof is insufficient to establish the corpus delicti, and that the affirmative charge was due to be given at the defendant's request. The rule in regard to the establishment of the corpus delicti is stated in the recent case of Hill v. State, 207 Ala. 444, 93 So. 460, wherein it was said:

"In every criminal prosecution the burden is on the state to prove beyond a reasonable doubt that the crime charged has been in fact committed, and that the accused is the person who committed it. * * * Circumstantial evidence may afford satisfactory proof of the corpus delicti; and, if any facts are shown from which the jury may reasonably infer that the crime has been committed, the question must be submitted to the jury, and other evidence tending to implicate the accused is thereby rendered admissible."

It was further held that—

"Inconclusive facts and circumstances tending prima facie to show the corpus delicti may be aided by the admissions or confession of the accused, so as to satisfy the jury beyond a reasonable doubt, and so to support a conviction, although such facts and circumstances, standing alone, would not thus satisfy the jury of the existence of the corpus delicti."

[4] We are of the opinion that the evidence in this case was sufficient upon which the jury could find the crime had in fact been committed, and that the defendant was the guilty agent, though there were no eyewitnesses, and the evidence was circumstantial. Ducett v. State, 186 Ala. 34, 65 So. 351.

The defendant and his wife resided in Birmingham; living with them was a Mrs. Day. The defendant possessed a Hudson car. The evidence for the state tended to show that the defendant's wife came to the Bessemer Hotel in Bessemer, Ala., about 9:30 o'clock on the night of Friday, February 22d; that she had been coming there, occasionally, since some time in January; and that the defendant had been there with her, and, further, that defendant and his wife had registered at the hotel on January 19th, previous. On this particular night, however, she came there alone, the defendant following her, reaching the hotel about 12 o'clock the same night; that they left the hotel together about 12:30 in his car, coming toward Birmingham. The evidence further tended to show that upon reaching the hotel the defendant went to his wife's room and they were heard to engage in a quarrel, he demanding a check and threatening to take her from the hotel and kill her, and demanded that she dress and go with him. He was seen with a knife in his hand, and one witness testified that, when they reached the foot of the stairs, "he jerked her by the hair," and that, after they got in the car, they heard a woman scream. At about 1 o'clock, it appears that the defendant arrived at his home in Birmingham, where Mrs. Day assisted him in carrying his wife into the house; she having a very serious wound upon the head as well as being otherwise bruised and in an unconscious condition. A physician was called, and defendant's wife taken to the hospital; he [defendant] and Mrs. Day accompanying her. The wound upon the head caused a brain hemorrhage, and the defendant's wife died the next day about noon without having regained consciousness.

The defendant was questioned by officers, and he insisted that his wife received her injuries as the result of an accident while they were out riding coming toward Birmingham, and accompanied the officers to the scene of the accident. To one of the officers he stated he had not been to Bessemer, but that he and his wife had been to ride on the Bessemer road as far down as Lipscomb, and that on the way back, at a point near the Grasselli Chemical Works, he swerved his car to the left in order to avoid striking some cows which were on his side of the road, and that his wife fell out of the car. To another officer he stated, in substance, the same in regard to avoiding the cows; and, further, that there was a hole in the road, and that as he swerved he saw he was going into this hole, and steered his car back to the right, when his wife fell out. These statements appear to have been made a few hours following the accident. One of the officers testified that on the following day, at the city hall, the defendant stated to him that he had been to Bessemer, and again, that he had been by the hotel down in Bessemer, and had been there about 5 minutes, riding back to Birmingham when this accident occurred; that he had no trouble in Bessemer, but that, while there, his wife had gone up stairs, and when she came back he thought he "smelled whisky on her * * * and got after her about it * * * they had a little argument and they got in the car," and started back to Birmingham. Upon going to the scene of the accident, the officers found blood on the pavement near the cement pillow of the bridge and some kind of hair on the corner of the bridge.

[5] The state was permitted to show, over defendant's objection, that there was a hospital much nearer to the scene of the accident than the one to which the defendant's wife was finally taken. While this fact may

have been of slight probative force, yet, we think, under the circumstances, was properly admissible in evidence. The statements made by the defendant were merely by way of explanation and exoneration, and they were not in the nature of a confession. Out of abundance of caution, however, the court required that the proof show the statements were voluntarily made, and they were clearly admissible.

[6] The defendant offered testimony tending to show that he and his wife lived peaceably and amicably together; that they had gone for a pleasure ride that night; and that the door of his car was so out of order that it would fly open. While he did not testify himself, yet the evidence which he offered tended to show that he was not at the Bessemer Hotel on that night, and his defense rested upon the theory that the death of his wife was the result of an unavoidable accident. We are persuaded, after a consideration of all the evidence, that, as to whether or not this was true, or whether in fact the defendant was the guilty agency, by which his wife received her mortal wound, was a question properly submitted for the jury's determination.

[7] Counsel for appellant objected to the evidence which went rather into detail in regard to what occurred between the defendant and his wife in the Bessemer Hotel that night, all of which tended to show malice, ill will, and motive, and that deceased unwillingly accompanied defendant. The scene of the accident was not a great distance from Bessemer, and it was the theory of the state that the difficulty was a continuing one, beginning at the hotel, and ending only a very short time thereafter when the wife received her fatal injuries while on the road to Birmingham. We are persuaded that this theory is sufficiently supported by the proof, and the evidence as to what occurred at the hotel was therefore admissible. Birmingham Macaroni Co. v. Tadrick, 205 Ala. 540, 88 So. 858.

[8] This cause was tried in the circuit court of the Tenth judicial circuit at Birmingham, Ala., and it is argued that the proof failed to show whether the crime was committed within the territorial limitations of that court or within that of the Bessemer division. This relates to a question of venue and not jurisdiction. The record is silent as to in what territory is situated the spot where the accident is said to have occurred. The attention of the trial court was not directed to this question of venue. Circuit court rule 35, 175 Ala. xxi. The failure of the bill of exceptions to show proof of venue will not, under these circumstances, work a reversal of the judgment. Watts v. State, 204 Ala. 372, 86 So. 70.

[9] The testimony that the defendant and his wife had registered at the hotel on January 19th was proven without objection or contradiction by the state. After the defendant had closed his evidence, the state was permitted in rebuttal to offer the sheet from the hotel register, which had been properly identified, together with proof as to defendant registering thereon, bearing the name of the defendant as of that date. Clearly there is nothing in this action of the court of which the defendant can complain.

[10-12] The defendant offered proof of an impeachment character against the state's witness Mrs. Day. The impeaching witness was cross-examined by the state, and asked if she would believe Mrs. Day if corroborated by other witnesses. The defendant's objection was overruled. There is a wide discretion vested in the trial court as to the cross-examination of witnesses, and, very clearly, there was no error in overruling this objection. Mrs. Day was a witness for the defendant, living in the same house with defendant and his wife, and testified in his behalf. We find no error in the action of the court in overruling the objection of the defendant to the question asked this witness by the state on cross-examination as to why she refused to make a statement before the coroner. Any evidence tending to show bias or prejudice on the part of witnesses is of course admissible.

[13-15] Nor do we find reversible error in the action of the court in permitting the state in rebuttal to show by witnesses, who resided near the Bessemer Hotel, that late on the night of February 22d they heard a woman scream. The fact that these witnesses were unable to give an exact hour or the exact location of the sound were matters affecting the weight of the testimony, but not its admissibility. That Riley, a witness for the state, who testified to statements made by the defendant when examining the scene of the accident, stated to the defendant "that it happened just about like he said," was immaterial and mere hearsay, and the court committed no error in sustaining the objection thereto.

We have considered those matters treated in brief of counsel for appellant. Mindful of our duty, however, in cases of this character, the few remaining questions not so treated have been by us duly considered, but we find nothing in any of them deserving of special discussion.

Finding no reversible error, the judgment of conviction will be affirmed.

Affirmed.

ANDERSON, C. J., and SAYRE and MILLER, JJ., concur.