(115 So. 862)
### ADAMS v. STATE. (4 Div. 326.)

Court of Appeals of Alabama. Jan. 10, 1928.

Rehearing Denied Jan. 31, 1928.

BRICKEN, P. J. ▮ In this case no briefs have been filed in behalf of appellant or by the state. The record before us must be considered, by this court, as submitted. We gather from the record that special written charges were requested by the defendant in writing, some of which were given and some refused, but nowhere in the entire record are such charges set out, and, as no motion for a new trial was made in behalf of appellant, and the affirmative charge not having been requested and refused, the material question as to the sufficiency of the evidence to justify or warrant the conviction of defendant is not presented to this court for consideration. Woodson v. State, 170 Ala. 87, 54 So. 191. The record being in the condition aforesaid leaves for decision here only such rulings of the court upon the admission of evidence to which exceptions were reserved.

▮ Without dispute the evidence disclosed that the searching officers found, within 250 yards of defendant's home, a complete 100-gallon capacity copper still with fire in the furnace and whisky dripping from the still, and three 10-gallon kegs of whisky, which had been recently made, a path leading in both directions from the still, one of the trails towards the defendant's house, the other towards the house of one Culverhouse, also about 250 yards away; that in the path leading toward defendant's house was a fresh large-size man's track; and in the path leading in the opposite direction a medium size man's track. The first exception noted occurred as follows:

"At this point the state's counsel (on direct examination) asked the witness (Gillespie) the following question, 'Now, relative to the two trails, was there any sign in them?' and the wit-

ness answered, 'Yes; there were fresh tracks going to and from in both trails.'"

After the question had been propounded and the answer given, the defendant objected to the testimony of the witness as to tracks in the pathway on the ground that the same was illegal, immaterial, incompetent, and irrelevant. The court overruled the objection, and exception was reserved. That this exception has no merit is manifest. The evidence was admissible as shedding light upon the locus; but if this were not true the objection was properly overruled as coming too late. The question was propounded and a responsive answer given without objection. Under the elementary rules of evidence, the court properly overruled the objection interposed.

██ The officers followed the large fresh tracks to the home of the defendant, who was a large man, and the evidence without dispute showed that "Mr. Adams wears a good large shoe." They found Adams at his home, and when the officers "hollered" at the front door he came out. The record shows:

"At this point, state's counsel asked the witness the following question, 'Well, just describe his appearance as fully as you saw it at that time, his clothes and his person'; and the witness answered, 'Well, he had on overalls, and on his clothing there was beer slop.'"

After the answer was given defendant interposed a general objection, which the court overruled, and exception was reserved. No error in this ruling. The point needs no discussion.

██ Without objection the state's witnesses were permitted to testify as to another and different still which had been destroyed by them on that day and which was about three-fourths of a mile from the still in question. This was not a proper inquiry upon the trial of this case; but as no ruling of the trial court was invoked, error to a reversal cannot be predicated upon this matter, as review here is limited to those matters upon which action or ruling at nisi prius was invoked or had. In order to invoke or justify a review of any question of this character by the appellate court it must be raised below. It cannot be raised in this court for the first time.

██ On recross-examination of the defendant he was asked by the state, "There was another still right near that still, wasn't there?" The answer of the witness, "Not that I know of," rendered harmless any error which might have resulted from this inquiry otherwise.

We have examined the record proper, as the law requires. It appears regular in all respects, therefore without error. Finding no reversible error in any of the rulings of the court which are properly presented for our consideration, the judgment of conviction from which this appeal was taken will stand affirmed.

Affirmed.