(130 So. 531)

## HALL v. STATE.

6 Div. 720.

Court of Appeals of Alabama.

Aug. 19, 1930.

Rehearing Dismissed Oct. 7, 1930.

Robert B. Harwood, of Tuscaloosa, **and** Ross, Baumgardner, Ross & Ross, of Bessemer, for appellant.

. Charlie C. McCall, Atty. Gen., for the State.

BRICKEN, P. J.

This appellant admittedly killed David Burton, the deceased named in the indictment, by shooting him with a pistol. He was indicted for this act and charged with murder in the first degree. This trial resulted in his conviction, by the jury, of manslaughter in the first degree and punishment

fixed at imprisonment for ten years. Judgment of conviction was accordingly pronounced and entered, and he was duly sentenced to imprisonment in the penitentiary for ten years, and appealed.

The accused depended upon self-defense to justify his having thus killed the deceased, and upon the trial a large number of witnesses, both for the state and for the defendant, were examined. The evidence as to the details and circumstances attending the killing were in conflict and presented jury questions.

Pending the trial numerous exceptions were reserved to the court's rulings upon the admission of evidence. In the main these exceptions are without merit and cannot be sustained. No good purpose can be subserved by writing to each of these exceptions, and we refrain from so doing.

■ The killing of deceased by appellant being admitted, all the facts and circumstances attending the homicide or leading up thereto were of special importance in ascertaining whether or not the accused acted in self-defense; and we are of the opinion that the principal inquiry under the evidence here involved the question as to whether or not this appellant was free from fault in bringing on the difficulty, or contributed to the situation from which the difficulty arose. The tendency of the state's evidence was to the effect that this appellant was either the aggressor, or fought willingly, or that he did contribute to the situation out of which' the difficulty arose resulting in the homicide complained of. The insistence of the defendant was to the contrary; his contention was that without any fault upon his part the difficulty was forced upon him by the deceased, and others acting in concert with him, and, in order to sustain this insistence, he introduced as a witness, in fact his most material witness, Mrs. Richard Gwin, who testified she was an eyewitness to the whole difficulty, and was sitting in a car with her two small children, in close proximity to where it occurred. The evidence disclosed that she was in no manner related to the defendant and was entirely and wholly disinterested. On the cross-examination of this witness by the state's attorneys, over the objections and exceptions of defendant, strenuous efforts were indulged to impair the testimony given by this witness and several insistent attempts to unduly derogate the evidence given by her. This court, sitting en banc, has given careful consideration to the points of decision here involved, and have reached the conclusion that prejudicial error prevailed in the court's rulings in this connection. The rule allowing wide latitude upon cross-examination of an adverse witness is not without limitation. The accused was entitled to the testimony of

this witness without illegal impairment, and the court by its rulings permitted the state to extend its inquiry to matters wholly foreign to the issues involved. This examination which, by its rulings, met the approval of the court, had the tendency to cast undue opprobrium upon the witness and to place her in an improper and prejudicial light before the jury, resulting in undue and improper reflection upon the witness necessarily lessening the weight or probative force of her testimony. The elementary rules of evidence permit a party to show interest, bias, etc., of an adverse witness, but resort to illegal methods as here indulged is never allowable. One of the questions thus propounded by the solicitor is as follows: "Q. At various times from the night of the killing; at various times from the time that Hall's brother saw you down there in that settlement after, the Sunday after the shooting, or the Saturday morning after the shooting, you made your brag to different people that you were on the money side of this case, haven't you?" The objection interposed to the foregoing question should have been sustained; it assumed that Hall's brother saw witness down in that settlement. Moreover, if the question propounded sought to lay a predicate for the impeachment of the witness, it was insufficient and too indefinite to apprise the witness of the matter inquired about, also as to time, place, and those present. The next question was equally objectionable and injurious, to wit: "Q. You have it in for Preacher Burton and Wilson Gilbert and the good citizens out there ever since they brought about the conviction of your husband for making whisky and sent him to the penitentiary?" These inquiries and others of like import, upon the cross-examination of defendant's principal witness Mrs. Gwin, as stated, met the approval of the court by its several rulings. They were highly improper, and the rulings complained of constituted error to a reversal.

In Brasher v. State, 22 Ala. App. 79, 112 So. 535, 536, this court said: "Derogation of an adverse witness and the evidence given by him should not be attempted or indulged by resort to illegal method of practice. The solicitor must have known that this character of impeachment is not allowed or authorized by any rule of evidence known to the law. Its only effect, was to produce an unfavorable impression of the witness before the jury, and thereby, in this unauthorized manner, lessen the weight of the witness' testimony, and impair his credibility before the jury."

■ Appellant insists the court erred in overruling his motion for a new trial. This motion, as it appears, is predicated upon many separate and distinct grounds; however, the point of decision involved is not

presented for our consideration, as the law requires, and we are without authority to review the question involved. See section 6088, Code 1923. Stover v. State, 204 Ala. 311, 85 So. 393; Martin v. State, 216 Ala. 160, 113 So. 602. The motion for a new trial in this case is set out, not only in the record proper, but also in the bill of exceptions, but nowhere in the bill of exceptions is there any recital as to the court's ruling upon the motion, and no exception to any ruling of the court on the motion. This is necessary, and the foregoing authorities are conclusive of the question. Innumerable decisions of the appellate courts of this state are of like effect.

On the trial of this case, in the court below, there was ample evidence adduced to afford an inference that the offense complained of was committed within the jurisdiction of the court. Moreover, it affirmatively appears no insistence was there made that the venue had not been proven; nor was the general affirmative charge requested predicated upon failure of proof as to venue. Rule 35 (Circuit and Inferior Courts) vol. 4, Code 1923, p. 907, expressly provides, among other things, that the trial court will not be put in error on this question unless it appears upon appeal that the alleged omission to offer proof of venue was brought to the attention of the trial court before the argument of the case was concluded. Appellant's earnest insistence in this connection cannot be sustained.

Appellant insists the court erred in several instances by overruling objections to certain portions of the argument of counsel representing the state. It is true that the objections and exceptions to argument were unaccompanied with a motion to exclude. Innumerable decisions of the Supreme Court, and of this court, have held this to be necessary. Lambert v. State, 208 Ala. 42, 93 So. 708; Malloy v. State, 209 Ala. 219, 96 So. 57; Cagle v. State, 211 Ala. 346, 100 So. 318; Davidson v. State, 211 Ala. 471, 100 So. 641; Boyett v. State, 18 Ala. App. 363, 92 So. 515; Elliott v. State, 19 Ala. App. 263, 97 So. 115 (Hd. note 11); Jenks v. State, 19 Ala. App. 90, 95 So. 266; see other cases Shepards Ala. Citations p. 295, (p. 42-8). However, such is not now the rule. By a recent decision of the Supreme Court, to wit, American Ry. Express Co. et al. v. Reid, 216 Ala. 479, 113 So. 507, the foregoing decisions have been modified on this point. The present rule as therein expressed is to the effect that, after objection to counsel's argument was interposed and overruled by the court, and exception taken thereto, no further motion to exclude remarks of counsel, or to direct the jury to disregard them, is necessary to a review on appeal. Where

an objection to argument has been sustained, it should be followed with motion to exclude and also to instruct the jury to disregard them. The reason therefor is clearly apparent.

Here the objections to argument of state's counsel are presented in such a fragmentary manner it is difficult for this court to clearly understand the matters complained of. The colloquy between counsel on these questions, had before the jury, should not have been allowed. They were not conducive of orderly procedure and practice. It was manifestly immaterial to any issue in this case whether or not "Mrs. Gwin's husband had been in the habit of getting into trouble"; and the court erred in overruling defendant's objections to this line of argument, and especially to the statement by state's counsel, "You know good and well that she (Mrs. Richard Gwin) wouldn't have said that unless her husband had been in the habit of getting into trouble."

The remaining points of decision are based upon the court's action in the refusal of numerous special charges requested in writing. We have carefully read the excellent oral charge of the court and note that every phase of the law governing, or pertaining to the issues involved upon this trial, was concisely, fully, and ably stated to the jury by the court. In addition thereto the court gave at the instance of the defendant about 35 special written charges. The law is, if these refused charges were substantially and fairly given to the jury in the oral charge or the given charges, no reversal can be predicated upon their refusal, even though they contain correct statements of the law. Section 9509, Code 1923.

Special insistence of error is predicated upon the refusal of the court to give charge 3 requested by defendant. This charge by its express terms related to the offense of murder in the first degree only; therefore it need not be here considered. The appellant was convicted of voluntary manslaughter, and this operated as his acquittal of murder in the first degree, or second degree, for which he cannot again be put to trial. What has been here said is applicable also to refused charge "4" which had reference only to murder in the second degree. Evans v. State, 109 Ala. 11 (Hd. note 8), 19 So. 535.

Other charges refused to defendant come within the rule hereinabove stated, as they were fairly and substantially covered by the oral charge of the court, and in many instances by the charges given at request of the defendant.

Reversed and remanded.