190 So. 295

## JACOBS v. STATE.

### 7 Div. 498.

Court of Appeals of Alabama.

June 30, 1939.

Merrill & Merrill and R. E. Jones, all of Anniston, and J. L. Smith, of Carrollton, Ga., for appellant.

Thos. S. Lawson, Atty. Gen., and John J. Haynes, Asst. Atty. Gen., for the State.

BRICKEN, Presiding Judge.

In the consideration of this appeal we are to consider, discuss and determine only the questions pertinent to the accusation against this appellant as contained in count 2 of the indictment. The indictment originally contained two counts, the first count charging the defendant with the offense of grand larceny, in that he feloniously took and carried away a bale of cotton of the value of $40, the personal property of J. T. Daugherty; and in the

second count he was charged with buying, receiving, · etc., the same bale of cotton knowing that it was stolen and not having the intent to restore it to the owner, etc.

The trial was had in the above stated court, and resulted in the conviction of the defendant as charged in count two of the indictment, the jury returned the following verdict: "We, the jury, find the defendant guilty as charged in count two of the indictment."

 This verdict operated as an acquittal of the defendant of the larceny of the cotton as charged in the first count of the indictment, hence, as stated, all questions relating to the actual larceny of the cotton by appellant are not to be here considered and determined, for by the verdict of the jury this appellant has been fully and completely exonerated of the charge of larceny. Glover v. State, 21 Ala.App. 423, 109 So. 125; Alabama Digest, Criminal Law, ☜878 (3).

We now advert to the second count of the indictment, and in this connection we have carefully and attentively read the entire record, including all the testimony adduced upon the trial of this case in the court below, from the judgment of which this appeal was taken.

 After having so read the testimony we find, and hold, there is no evidence in this case of any character which shows, or tends to show, any act by this appellant committed in Cleburne County, Alabama, which would authorize or warrant his conviction for the offense charged in the second count of this indictment.

Section 4891, Code 1923, provides: "The local jurisdiction of all public offenses, unless it is otherwise provided by law, is in the county in which the offense was committed."

Upon the trial there was some slight testimony which tended to show that upon a dark rainy night a man was seen by witness Griffith and another in possession of a bale of cotton, which he placed upon the platform of the Cumbie Warehouse. That he was seen to drive up to said warehouse in the middle of the night in a truck upon which there was a bale of cotton, and, as stated, the man in charge of the truck finally rolled the bale of cotton from the truck to the platform of the aforesaid warehouse. All this, however, was in the Town of Tallapoosa, State of Georgia.

The foregoing is conclusive of this appeal, and therefore the court committed error in overruling and denying defendant's motion for a new trial. Said motion is properly presented for consideration, and numerous grounds thereof present the question for review.

 We may add that the trial court delivered an excellent, fair and explicit oral charge to the jury, and as a part thereof correctly stated: "Now, of course, you understand, in connection with the testimony about the defendant leaving here, that the only function that is served by that, as far as the law is concerned, is to leave it to you to say whether or not he went away from here because of a consciousness guilt of having committed some crime. You are not concerned with the way he went or where he stopped, or who was in the car with him, if he was in a car, but the question is, did he leave here, and if he did leave here, was it because of a consciousness of having committed some crime."

 The court, however, did not adhere to the foregoing correct statement of the law when by its rulings, and over proper objection and exception, the State was allowed the privilege of impeaching the defendant upon the immaterial statement of witness Prestridge as shown by the record, towit:

"I let Mr. Angell, the agent from the Federal Bureau of Investigation in the jail to talk with the defendant.

"The Solicitor asked the witness the Question:

"Q. I will ask you if you heard Grady, while Grady and this man was talking, you heard Grady make this statement he carried a woman away from Cleburne County with him?

"Counsel for defendant objected to the question because it was prejudicial and immaterial and irrelevant, which objection was overruled, to which action of the Court the defendant duly and legally reserved an exception.

"The witness answered:

"A. Yes Sir."

Further discussion, is deemed unnecessary. The action of the court in overruling and denying defendant's motion for a new trial being laid in error, said ruling is reversed and the cause remanded to the lower court for further orders in line

with, and conformity to, what has been here said.

Reversed and remanded.