7 So.2d 93

**HAYES v. STATE.**

4 Div. 661.

Court of Appeals of Alabama.
March 24, 1942.

W. L. Lee and Alto V. Lee, III, both of Dothan, for appellant.

Thos. S. Lawson, Atty. Gen., and John J. Haynes, Asst. Atty. for the State.

BRICKEN, Presiding Judge.

The testimony of the alleged injured party upon the trial below was sufficient to establish the corpus delicti. As to said testimony there was no dispute. However, said witness J. R. Mills frankly stated, "I don't know who got my hogs."

The State introduced four witnesses whose testimony tended to show that this appellant committed the act complained of in the indictment. The defendant strenuously denied that he was the person who feloniously took and carried away the bunch of hogs in question.

■ Defendant also offered testimony tending to impeach each of the State's witnesses, and as to this the court correctly charged the jury, among other things:

"That testimony, Gentlemen, was permitted to go before you to aid and assist you in determining what weight and what credit you will give to the testimony of the witnesses sought to be impeached, and when you come to weigh and consider the testimony of those witnesses sought to be impeached and determine what weight and what credit you will give to the testimony of the witnesses sought to be impeached you will weigh and consider their testimony along with all the other testimony in the case, and in that way and manner determine what weight and what value you will give to those witnesses, and after you have so weighed it and considered it, if you believe that they have testified falsely with reference to material matters and about which they testified in this case, then you would reject the testimony which in your judgment they swore falsely about, but if in weighing and considering their testimony you conclude that they swore truthfully about material matters and about which they testified in this case, then you will take into consideration that testimony which in your judgment they swore truthfully about. You will weigh and consider their testimony along with all the other testimony in the case.

"After you have weighed and considered all the testimony in the case, that for the State and that for the defendant, giving to the testimony of each witness who has testified in the case such weight and such credit as you deem it is entitled to, bringing to your aid and your assistance your common knowledge, your common observation, your common knowledge of human conduct, human transactions and human affairs, if after you have weighed and considered all the testimony in the case in that way and manner, if you are then convinced beyond all reasonable doubt that the defendant is guilty, then your verdict should be guilty."

The jury returned the following verdict, viz.: "We the jury find the defendant guilty of grand larceny." Judgment of conviction was duly pronounced and entered, and the court sentenced the defend-

ant to imprisonment in the penitentiary for a period of three years.

But one special written charge was requested. This charge was as follows: "If there is a probability of the defendant's guilt, the jury should acquit the defendant." The charge was properly refused. Said charge was involved, and states no known proposition of law.

The court's rulings were invoked only in one or two instances upon the admission of testimony. These rulings are so clearly free from error, the exceptions reserved thereto need no discussion.

We approve the following insistence of the Attorney General, in brief for State: "Certainly the evidence was all sufficient to submit the case to the jury and there is no ground to challenge its verdict along these lines. We might say here that the sufficiency of the evidence is not challenged either by a request for the affirmative charge or by a motion for a new trial, as is shown by the record. Therefore, we respectfully submit that the sufficiency of the evidence is not presented on this appeal as the appellant did not ask for the affirmative charge and made no motion for a new trial. Adams v. State, 22 Ala.App. 310, 115 So. 862, certiorari denied 217 Ala. 273, 115 So. 863; Henson v. State, 25 Ala.App. 118, 141 So. 718; White v. State, 27 Ala.App. 466, 174 So. 585."

Affirmed.