34 So.2d 220

### SHAVER v. STATE.
### 3 Div. 487.

Supreme Court of Alabama.
March 4, 1948.

Clarence M. Small, of Montgomery, for appellant.

308

A. A. Carmichael, Atty. Gen., and Jas. L. Screws, Asst. Atty. Gen., for the State.

FOSTER, Justice.

This appellant was convicted of the murder of an old Negro recluse and miser, who was shown to have had a lot of old greasy money. He was apparently killed in his room by being struck with an ax, and was then locked in it. After several days the police forced an entrance, and found his body decomposing and all the surroundings in a sordid and dirty condition. No money was found. A chain of circumstances connected appellant with it, leading to his conviction. There is some evidence by him of mistreatment by the police, which they denied, in procuring statements from him. But the statements in no way admitted his guilt. Some parts of one of them were contradicted by the State's evidence. There was nothing which was erroneous or prejudicial in the admission of the statements or rulings in connection with them.

All the requirements of law were observed throughout the trial, which was wholly free from any improper or illegal procedure. He was represented by counsel, apparently experienced and capable. And on this appeal counsel represent him. It is governed by the automatic appeal statute of June 24, 1943 (General Acts 1943, page 217).

■ The chief insistence goes to the weakness of the circumstantial evidence. But we think the jury was justified in finding him guilty, and the verdict was not against the great weight of the evidence. If he was guilty, there were no mitigating circumstances which justified punishment of less than the extreme penalty.

■ Counsel also claim in brief that the venue was not proven. But we think the evidence justifies a finding that it was. It was shown to have been in his room in Montgomery, where his dead body was found, and where he was probably killed. The circumstantial evidence from which a killing was found by the jury to have occurred was sufficient to support a finding also that it occurred in Montgomery County.

Moreover, the attention of the trial court was not called to a claim that there was a failure of proof as to the venue as required by Circuit Court Rule 35. Title 7, page 1036, Code.

There is no reversible error in the record, and the judgment and sentence are affirmed. The date set for the execution of appellant having passed, it is ordered that it be performed according to law on Friday, the 7th day of May, 1948. Section 391, Title 15, Code.

Affirmed.

All the Justices concur.