43 So.2d 434

## DOTSON v. STATE.
### 1 Div. 598.

Court of Appeals of Alabama.
Dec. 20, 1949.

J. D. Ratcliffe, of Monroeville, for appellant.

A. A. Carmichael, Atty.Gen., and M. Roland Nachman, Jr., Asst. Atty. Gen., for the State.

CARR, Judge.

The appellant was convicted on an indictment charging larceny of a cow.

The record is in every respect proper and regular.

Neither the solicitor nor counsel for the accused interposed any objections during the progress of the introduction of the evidence.

The general affirmative charge was not requested for the State. In fact, there were no written instructions tendered. The appellant did not file a motion for a new trial.

Despite this state of the record, appellant's counsel in brief insists: "I did not represent the defendant in the court below, but after a careful reading of the evidence, I am of the opinion that if the young attorney who did represent the defendant at the trial had requested the general affirmative [charge] in writing in favor of the defendant, the refusal of such a charge would have constituted reversible error. If this court agrees with me, I believe that the defendant should be granted a new trial regardless of the defendant's failure to raise the question. If the State failed to make out a prima facie case, failed to prove the corpus delicti, this court should, and I believe will, ex mero motu reverse the case."

Our appellate courts have many times declared that we do not have the power to review questions which are not regularly and properly raised at nisi prius, except, of course, the regularity of the proceedings. Jones v. State, 26 Ala.App. 252, 157 So. 683; Hayes v. State, 30 Ala. App. 418, 7 So.2d 93; Fountain v. State, 30 Ala.App. 304, 4 So.2d 659.

It follows that the judgment of the court below must be affirmed. It is so ordered.

Affirmed.