50 So.2d 456

**LEE v. STATE.**

8 Div. 879.

Court of Appeals of Alabama.

Feb. 7, 1951.

No attorney marked for appellant.

Silas Garrett, Atty. Gen., and M. Roland Nachman, Jr., Asst. Atty. Gen., for the State.

HARWOOD, Judge.

This appellant stands convicted of petit larceny. The appellant was not represented by counsel in the trial below, nor on this appeal. No objections were interposed during the trial below, no charges were requested, nor was there any motion for a new trial filed.

We wish to state however that the trial judge took pains to see that the legal rights of the appellant were fully protected. The record is in every way regular. The evidence presented by the State was amply sufficient to support the verdict of guilty rendered by the jury. In this aspect there is nothing presented for our review. Dotson v. State, ante, p. 59, 43 So.2d 434.

The jury returned the following verdict: "We, the jury, find the defendant guilty of petit larceny and fix his sentence at one year at hard labor."

The court in its judgment sentenced the defendant to imprisonment "in the penitentiary of the State of Alabama for a term of 12 months," and also imposed an additional sentence to hard labor for Marshall County for 60 days for costs of $45.00, being at the rate of 75¢ per day.

Both the verdict and the judgment are irregular in the respective attempts at fixing punishment.

Upon conviction for petit larceny, the imposition of imprisonment in the county jail, or hard labor for the county as punishment is for the court and not for the jury. Busbee v. State, 25 Ala.App. 328, 146 So. 286. That portion of the above verdict attempting to impose a sentence is however surplusage, and does not affect the finding of guilt by the jury. Genie v. State, Ala.Sup., 39 So. 573; Moss v. State, 143 Ala. 86, 39 So. 198.

That part of the judgment sentencing the defendant to imprisonment in the penitentiary is of course beyond the power of the court, since the only punishment the court could legally impose was imprisonment in the county jail, or a sentence to hard labor for Marshall County, for not more than twelve months.

The verdict and judgment of guilty in this case are due to be affirmed. The cause must however be remanded for proper sentence, and it is so ordered.

Affirmed. but remanded for proper sentence.