55 So.2d 211

### CALDWELL v. STATE.
#### 6 Div. 184.

Court of Appeals of Alabama.
Aug. 21, 1951.

Rehearing Denied Oct. 2, 1951.

230

Jerome Phillips and John T. Batten, Birmingham, for. appellant.

Si Garrett, Atty. Gen., and Bernard F. Sykes, Asst. Atty. Gen., for the State.

PRICE, Judge.

Appellant was convicted of the offense of incest, and was sentenced to imprisonment in the penitentiary for a term of seven years.

The State contends that appellant had sexual intercourse with his daughter, a girl seventeen years of age.

The principal insistence in brief for appellant is that defendant was entitled to an acquittal, because the verdict of the jury was based upon the uncorroborated testimony of the prosecutrix, who was shown to be an accomplice under the facts adduced on the trial. This question is not presented for our decision. The point was not raised in the trial court by the request for the affirmative charge, motion to exclude the evidence, motion for a new trial, nor in any other manner.

In the case of Lockwood v. State, 33 Ala.App. 337, 33 So.2d 401, 402, Bricken, P. J., pertinently stated the rule by which this court is bound in reviewing the nisi prius courts: "In respect of cases in the category to which this case belongs, the jurisdiction this court has is appellate only. Review here, in such cases, is limited to those matters upon which action or ruling at nisi prius was invoked and had. Accordingly, where the evidence is deemed insufficient to warrant a conviction a ruling of the trial court on that proposition must be properly (usually by special instruction requested) invited, in order to invoke or justify a review of the question, so raised below, by this appellate court." Pugh v. State, 239 Ala. 329, 194 So. 810; Dodson v. State, 27 Ala.App. 286, 171 So. 384; Denton v. State, 17 Ala.App. 309, 85 So. 41; Dotson v. State, 35 Ala.App. 59, 43 So.2d 434; Lee v. State, 35 Ala.App. 566, 50 So.2d 456.

We have considered the several rulings of the court on the admission and exclusion of the evidence and find no reversible error.

Refused charge 18 has no application. The guilt of the defendant did not depend on circumstantial evidence.

Refused charges 24 and 25 were abstract. Defendant offered no proof of his good character.

The remaining charges refused to defendant were fairly and substantially covered by the court's oral charge, to which no exceptions were reserved, or by the charges given at defendant's request.

There being no reversible error in the record, the judgment of conviction must be affirmed.

Affirmed.

## On Rehearing

Appellant's counsel contends in his brief that there was a failure of proof of venue in that prosecutrix testified that some years prior to trial, while she was in the fourth grade and was living at East Thomas or Thomas that appellant had sexual intercourse with her, and that there is no proof in the record that Thomas or East Thomas is in Jefferson County, Alabama.

The attention of the trial court was not called to a claim of failure to prove venue, as required by Circuit Court Rule 35, Title 7, page 1036, Code 1940. Shaver v. State, 250 Ala. 307, 34 So.2d 220; Ratliff v. State, 212 Ala. 410, 102 So. 621; Watts v. State, 204 Ala. 372, 86 So. 70; Simmons v. State, Ala.App., 53 So.2d 398, certiorari denied 255 Ala. 671, 53 So.2d 400; Hall v. State, 24 Ala.App. 75, 130 So. 531. Neither was the court's attention directed to a want of evidence showing venue by a proper ground of motion to exclude, Britton v. State, 15 Ala.App. 584, 74 So. 721; Simmons v. State, supra, nor in any other manner.

Application overruled.