85 So.2d 159

**Harold WILLIS**

**v.**

**STATE.**

**6 Div. 145.**

Court of Appeals of Alabama.

Jan. 10, 1956.

Rehearing Denied Jan. 31, 1956.

Roger F. Rice, Birmingham, for appellant.

John Patterson, Atty. Gen., and Paul T. Gish, Jr., Asst. Atty. Gen., for the State.

BONE, Judge.

The accused was tried under an indictment containing two counts, larceny of an automobile-truck under the first count, and buying, receiving, concealing, or aiding in concealing under the second count.

The trial resulted in a verdict and judgment of guilty under the second count of the indictment, and the value of the automobile-truck was set at $500.

The evidence for the State tended to show that on December 30, 1954, the owner of a 1948 Chevrolet truck by the name of Haywood Smith parked his truck in front of a grocery store in Birmingham, Alabama. The owner of the truck went into the grocery store and while in the store saw the defendant and one Robert Avery. He testified that he knew both of them, but that they did not speak to him while in the store. They left before he did. He testified that he saw them get into his truck and drive off. He then went out and got a passerby to give chase in an automobile.

They passed the truck and stopped the car in front of the truck. The truck did not stop but made a turn, and the owner did not see them any more. The truck was found later in east Birmingham, and the defendant and his companion were arrested a few blocks away while attempting to hitchhike a ride from passing automobiles.

The testimony for the defendant tended to show that the defendant and his companion took the truck and drove it across town to a girl friend's house. The defendant did not drive, but rode beside his companion. He testified that he knew the truck belonged to Haywood Smith, but that he thought Robert Avery had permission to use the truck. He testified that he had been drinking, did not see anyone attempt to stop the truck, and did not know it had been stolen, although he admitted that while riding in the truck he "kind of figured it was stolen." He testified that the truck was driven to a point a few blocks from the home of Robert Avery's girl friend and parked. After spending a few hours with her, they left and were on the way back to the truck when they were arrested.

In a written statement made after the arrest, the defendant admitted he and Robert Avery took the truck from in front of the store and drove it away.

The only brief filed by the appellant was a reply to the attorney general's brief.

■ The effect of the jury finding was an acquittal under the larceny count. Jacobs v. State, 28 Ala.App. 585, 190 So. 295; Stuckey v. State, 28 Ala.App. 83, 180 So. 116.

In order to sustain a conviction under count two of the indictment it was neces-

sary to be shown that the defendant had a control over the property. Our statute is broader than the common law offense and makes the person who conceals or who aids in concealing equally guilty as those who actually take or receive the property.

Under the testimony it was open to the jury to determine whether or not the defendant received, concealed, or aided in the concealing of the stolen truck.

In our opinion, the evidence presented by the State was sufficient to support the verdict and judgment rendered.

The defendant requested a number of written charges which were properly refused by the trial court.

We have carefully examined the entire record, as we are required to do.

No error appeared upon the trial, hence the judgment of conviction from which this appeal was taken will stand affirmed.

Affirmed.