(114 So. 479)

## HARRELL v. STATE.    (4 Div. 229.)

Court of Appeals of Alabama.    Nov. 22, 1927.

George M. Grant, of Troy, for appellant.

Charlie C. McCall, Atty. Gen., for the State.

Brief did not reach the Reporter.

BRICKEN, P. J. The jury returned a general verdict of guilty under an indictment which charged the defendant in the first count with making, manufacturing, or distilling spirituous, etc., liquors, and in the second count with the possession of a still to be used for that purpose. Judgment of conviction was accordingly entered, and the court imposed an indeterminate term of imprisonment in the penitentiary of not less than thirteen, nor more than fourteen months.

■ But two exceptions were reserved to the court's rulings upon the admission of testimony. Other objections were interposed, but, as stated, exceptions were reserved in only two instances, and these related to the sufficiency of predicates laid by the state in connection with inculpatory statements alleged to have been made by the defendant. The court's rulings in this connection were without error, as the predicates met the required rule.

■ The principal insistence is that the court erred in refusing to defendant the general affirmative charge. There is no merit in this insistence. The evidence was in sharp conflict and presented a jury question. The court was without authority to direct a verdict for the defendant. The corpus delicti was sufficiently proven, and the incriminating facts and circumstances as to the participation in the manufacture of the whisky, and possession of the still by defendant, as shown by the evidence, was ample to carry the case to the jury and to sustain the verdict rendered.

The motion for a new trial was properly overruled.

■ Other questions insisted upon in brief of counsel for appellant are not properly presented for consideration, as no exceptions were reserved to the rulings of the court complained of, and, in the absence of proper exception, this court is without authority to review the court's rulings; the jurisdiction here being appellate only in respect of cases in the category to which this case belongs.

We find no error in the record. Let the judgment of conviction in the lower court, from which this appeal was taken, stand affirmed.

Affirmed.