(118 So. 505)
### GREEN v. STATE. (7 Div. 501.)

Court of Appeals of Alabama. June 26, 1928.

Rehearing Denied Aug. 7, 1928.

See, also, ante, p. 346, 115 So. 700 and ante, p. 536, 117 So. 607.

Harvey A. Emerson, of Anniston, for appellant.

Charlie C. McCall, Atty. Gen., for the State.

Brief did not reach the Reporter.

BRICKEN, P. J. The trial of this appellant was upon a complaint filed by the solicitor in the circuit court, on appeal from a conviction in the county court, where the prosecution originated. The accusation against the accused was a violation of the prohibition laws of the state, the specific charge being that he had whisky in his possession. There was but slight conflict in the evidence, which tended strongly to sustain the state's insistence. From the judgment of conviction in the circuit court, this appeal was taken.

Appellant's counsel earnestly insists that manifest error was committed by the trial court in at least three instances. First, it is insisted that the court charged the jury affirmatively for the state (ex mero motu), no written charge to that effect having been requested; second, that there was no proof of venue; and, third, that the trial court in the oral charge committed error in stressing the fact that the defendant failed to take the stand as a witness in his own behalf. Reference to the record appears to sustain at least the first and third of these insistences; but this court is powerless to grant appellant the relief sought, for the reason none of these questions are presented for review. Pending the entire trial in the court below, no ruling of the court was invoked upon any question, and as a consequence no exception was reserved in any manner. As we see it, the trial court had jurisdiction of the subject-matter and of the person; thus complete jurisdiction is conclusively shown, and, the judgment being grounded in a verdict accurately responding to the complaint, the adjudication of guilt, and the resultant sentence, cannot be void. In cases of this character, or class, the jurisdiction of this court is appellate only, and in reviewing the case we are limited solely to matters upon which a ruling at nisi prius was invoked and had. This is the settled rule, on principle and in practice, and by this rule this court is bound. The record

proper being without irregularity of error, and there being no question reserved for review here, the judgment of conviction in the lower court, from which this appeal was taken, must perforce be affirmed. Woodson v. State, 170 Ala. 87, 54 So. 191.

It is made known to the court that counsel now appearing in behalf of appellant did not represent him in the court below.

Affirmed.