153 So. 662

## CRUSE et al. v. STATE.
### 8 Div. 904.

Court of Appeals of Alabama.
March 20, 1934.

Walter J. Price, of Huntsville, for appellants.

Thos. E. Knight, Jr., Atty. Gen., and Thos. Seay Lawson, Asst. Atty. Gen., for the State.

[1] 25 Ala. App. 540.

[2] 227 Ala. 469.

BRICKEN, Presiding Judge.

■ Appellants first insist that the court erred in overruling their demurrer to the affidavit upon which they were tried. Upon investigation we find certain demurrers set out in the transcript, but it is not shown by the judgment, or elsewhere in the record, that the demurrer was brought to the attention of ·the court, or that the court made any ruling thereon, hence said demurrer will be treated as having been waived or abandoned and ·cannot be reviewed on appeal.

The appellants were jointly charged, and jointly tried, upon an affidavit of one Will Strong, for the offense of simple adultery. ·They were both convicted and were each duly sentenced to hard labor for the county, and .appealed.

■ It is insisted that each of the state witnesses was admittedly biased and entertained ill will and malice towards the defendants while testifying against them on the trial in the court below. This insistence appears to ·be borne out by the record of the proceedings, but this is a matter for the jury to consider for it is the sole duty of the jury to accord such weight or probative force to the evidence as they may deem right and proper. It is not within the province of ·this court, on appeal, to say whether or not the testimony upon which these convictions rested was false or unworthy of credence.

■ We are of the opinion that the court erred in overruling the objection of defend-.ants to voluntary statement of state witness George Bonner where he stated: "Every time he gets drunk he has a fight with us negroes, he tries to run us off." This testimony was highly prejudicial and in no manner tended to shed any light upon the issues involved upon the trial.

■ There was also error in the ruling of the court in connection with the testimony of defendants' witness Beulah Phelps, wherein they undertook to refute, or to rebut the testimony of state witness Will Strong, wherein he denied he had used opprobious words, or profane language to the woman defendant on the occasion of a difficulty between this witness and Jim Cruse, the male defendant, and stated: "The woman cussed me out," etc. Under elementary rules of evidence, the defendants were entitled to adduce evidence as to the same conversation and controversy about which the state's witnesses were allowed to testify.

The same applies to the ruling of the court in connection with the testimony of defendant Jim Cruse. The exceptions here reserved appear to have been well taken and are sustained.

■ Defendants' witness John Albert Wright testified that he is the husband of the defendant Janie Wright, and that the house in which the offense here complained of was alleged to have been committed was his home; that he lived there, and while absent he was engaged in making a crop, but that he returned to his home frequently, etc. It would, therefore, appear that the court in his oral charge inadvertently stated: "The evidence tends to show that Mrs. Wright's husband was not living there." This statement is not borne out by the record, and was highly prejudicial. Moreover, a trial court may not charge upon the effect of testimony, unless required so to do by one of the parties. Section 9507, Code 1923. The exception to this statement of the court was properly reserved and is here properly presented.

The court erred in not granting defendants' motion for a new trial.

Reversed and remanded.