171 So. 384

**DODSON et al. v. STATE.**

6 Div. 115.

Court of Appeals of Alabama.

Dec. 15, 1936.

O. E. Young, of Vernon, and W. H. Hogan, of Fayette, for appellants.

A. A. Carmichael, Atty. Gen., and Wm. H. Loeb, Asst. Atty. Gen., for the State.

BRICKEN, Presiding Judge.

The two appellants were jointly indicted, charged with the offense of living together in a state of adultery or fornication. The indictment was regular in all respects and was returned by the grand jury and duly filed in open court on August 21, 1935.

At the next succeeding term of the court, on, to wit, February 20, 1936, the two defendants were arraigned and each

of them, in answer to the indictment, interposed their plea of not guilty. They were jointly tried, both were adjudged guilty as charged, and from the judgment of conviction this appeal was taken.

We have read and carefully considered the entire evidence adduced upon the trial of this case in the court below as transcribed in the record.

Upon this appeal the two principal insistences of error are: (1) That the court erred in refusing to defendants the affirmative charge requested in writing; and (2) the court erred in overruling defendants motion for a new trial.

 As to the first proposition, supra, it is insisted that this court should accord no weight, and give no credence to the testimony of the two principal State witnesses, Postelle Bobo, and his wife, Mrs. Bobo; for the manifest reason of their bias, ill will, and enmity towards the defendants. And in this connection, it is further insisted that the evidence in this case, without dispute, conclusively shows that the said two witnesses feel and entertain against the two defendants rancor, hatred, aversion, antipathy, repugnance, ill will, malice, and malevolence, as a consequence of which no probative force should be accorded to their testimony. Appellants' earnest counsel must, or should know, that this court has no such province. The testimony of said witnesses was properly allowed by the court, and having been admitted, the question of its verity and probative force was for the jury to consider and determine. This duty rested exclusively upon the jury who tried this case in the court below. The trial court had no authority to hold that this testimony was unworthy and could not be believed, nor is there any rule of law which would authorize or empower this court to so hold. Therefore, the action of the lower court in refusing the affirmative charge must be sustained. In our case of Cruse et al. v. State, 26 Ala.App. 81, 153 So. 662, 663, this court said:

"It is insisted that each of the state witnesses was admittedly biased and entertained ill will and malice towards the defendants while testifying against them on the trial in the court below. This insistence appears to be borne out by the record of the proceedings, but this is a matter for the jury to consider for it is the sole duty of the jury to accord such weight or probative force to the evidence as they may deem right and proper. It is not within the province of this court, on appeal, to say whether or not the testimony upon which these convictions rested was false or unworthy of credence."

 As to the second proposition (2), supra, that is to say the action of the court upon defendants' motion for a new trial, the question is not presented for our consideration. Code 1923, § 6088. In seeking a review by the appellate courts upon the action of the trial court in overruling defendants' motion for a new trial, the statute does not require that the motion and judgment thereon shall be set out in the bill of exceptions; but, under the statute (Code 1923, § 6088, supra), it is mandatory that the bill of exceptions must contain a sufficient recital to show the making of such motion, the ruling thereon, and an exception thereto. These are the express terms of the statute, and numerous decisions, thus holding, are cited in Shepard's Alabama Citations, vol. 13, No. 1, pp. 414, 458, 450. The bill of exceptions in the present case makes no mention of a motion for a new trial, or any rulings thereon, or exception thereto; therefore, as stated, the action of the lower court, if any, in this connection is not presented for review by this court.

The few rulings invoked upon the admission of evidence to which exceptions were reserved are so clearly free from error, and of such minor import, no discussion in this connection need be indulged.

It follows, from the foregoing, that we must perforce hold that the judgment of conviction from which this appeal was taken be affirmed.

 We are free to state this court is not favorably impressed by the conviction of these two appellants upon the evidence as disclosed by the record. Other than this statement, we refrain from further discussion thereof, except to say, that if the position and insistences of the appellants can be properly sustained and substantiated, the pardoning powers of the State might take cognizance thereof. As stated, there appearing no reversible error in the record, we are powerless to accord to appellants the relief sought upon this appeal. If the contentions of appellants are true, their conviction would appear as a gross miscarriage of justice. Woodson v. State, 170 Ala. 87, 54 So. 191; Harrell v. State, 22 Ala.App. 258, 259, 114 So. 479; Grace

288

v. State, 22 Ala.App. 360, 115 So. 761; Green v. State, 22 Ala.App. 591, 118 So. 505; McClung v. State, 25 Ala.App. 131, 142 So. 843; Ray v. State, 25 Ala.App. 262, 145 So. 325, on rehearing, and cases cited.

Affirmed.