18 So.2d 702

### BRADLEY v. STATE.
8 Div. 351.

Court of Appeals of Alabama.
June 27, 1944.

476

F. S. Parnell, of Florence, for appellant.

Wm. N. McQueen, Acting Atty. Gen., and Frank N. Savage, Asst. Atty. Gen., for the State.

CARR, Judge.

The appellant was indicted by a grand jury in Lauderdale County under one count charging him with unlawful possession of a still to be used for the purpose of manufacturing or distilling prohibited liquors or beverages.

From a judgment of conviction by a jury in the circuit court, appellant appeals to this court. The statute involved is Title 29, Sec. 131, Code of Alabama 1940.

The indictment is in form and the record is regular in every particular.

Upon the trial of the cause in the lower court, there were no objections, either by the State or by counsel for appellant, to any testimony. With few exceptions there were no conflicts in the evidence. No objections were interposed to the court's oral charge. The only written charge requested was the affirmative charge in appellant's favor. This the court refused. It seems, therefore, that our task is simple and there is no occasion for an extended opinion.

The State's evidence consisted of the testimony of three deputy sheriffs, who in December 1942 searched the premises on which appellant lived and who was at home on the occasion of the search. According to the testimony of the officers, they found an unassembled still. Some parts thereof were found in appellant's barn, others under his house and others in a dog house in the yard. The officers stated also that the parts thus found looked like they had been re- cently used and some slop in the still pot was warm. After qualifying as to knowledge of parts and purposes of whiskey stills, the officers stated that the various parts there found, when assembled, would make a complete still and "all of these parts are commonly used in manufacturing liquor." It was further stated by the officers that when they searched the house of appellant they found therein, on a shelf in the kitchen, a quart jar about two-thirds full of "wild cat" whiskey.

The appellant's testimony consisted of only that of his own and a written showing for his witness, Charles Allen. It was admitted by appellant that he was at home at the time of the search and that he had occupied the premises as his home since March 1942. He disclaimed any knowledge of the still and worm and the whiskey found in the kitchen, but had seen the pipes under the house. They were there when he moved, so he stated.

Appellant's witness Allen's statement was to the effect he assisted the appellant in moving to the place, and that no parts of the still were moved at the time, that all parts found by the officers were on the premises when the defendant came there to live, and they were not suitable for the purpose of manufacturing whiskey. This in substance is the testimony.

The only question of moment is the propriety vel non of the refusal of the affirmative charge, duly requested in appellant's behalf.

This question has had frequent applications in cases decided by this court and our Supreme Court. The decisions are legion. It may be said, stating generally, that if there is some evidence in the case to show defendant's guilt, the refusal of the general affirmative charge in his favor is proper. Lucas v. State, 96 Ala. 51, 11 So. 216; Tinker v. State, 96 Ala. 115, 11 So. 383; Harrell v. State, 22 Ala.App. 258, 114 So. 479.

In the case of Masters v. State, 18 Ala.App. 614, 94 So. 249, it is stated: "The statute (Acts 1919, p. 1086 [Code 1940, Tit. 29, § 131 et seq.] ) does not make the mere possession of a still, etc., a violation of law, it is the possession coupled with the fact that it is to be used for the purpose of manufacturing prohibited liquors, which constitutes the crime, and when the two facts coexist the crime is complete, and when so charged in an indictment all of the

constituents of the crime are sufficiently described."

See also: Griggs v. State, 18 Ala.App. 467, 93 So. 499.

It is well recognized and has often been decided by our courts that the possession of any part of a still proven to be commonly used in the manufacture of prohibited liquors is prima facie evidence of the possession of a complete still, Title 29, Sec. 132, Alabama Code 1940; Maisel v. State, 17 Ala.App. 12, 81 So. 348; Lindsey v. State, 18 Ala.App. 494, 93 So. 331; Gamble v. State, 19 Ala.App. 82, 95 So. 202.

In the case under consideration it is not denied that parts of a still were found on premises in possession of appellant, under circumstances that the jury could infer that appellant had knowledge of this fact. The State's evidence sustained the position that these parts, when assembled, constituted a complete still, suitable for the purpose of manufacturing whiskey.

The evidence taken in its every aspect unquestionably, in our opinion, presented a jury question, making the refusal of the general affirmative charge in appellant's behalf free from error.

The oral charge of the court was complete and comprehensive.

We find no error, and the judgment is ordered affirmed.

Affirmed.