33 So.2d 401

## LOCKWOOD v. STATE.

### 5 Div. 238.

Court of Appeals of Alabama.

Jan. 13, 1948.

Arthur D. Shores, of Birmingham, for appellant.

A. A. Carmichael, Atty. Gen., and Richard S. Brooks, Asst. Atty. Gen., for the State.

BRICKEN, Presiding Judge.

The appeal here is from a judgment of conviction for the offense of assault with intent to murder, said judgment being based on and in line with the verdict of the jury.

Section 389, Title 15, of the Code of Alabama, is as follows: "In cases taken to the supreme court or court of appeals under the provisions of this chapter, no as-signment of errors or joinder in errors is necessary; but the court must consider all questions apparent on the record or reserved by bill of exceptions, and must render such judgment as the law demands. But the judgment of conviction must not be reversed because of error in the record, when the court is satisfied that no injury resulted therefrom to the defendant."

Pursuant to and in accordance with the provisions of the above quoted Statute, this court has carefully examined the record in this case and have ascertained said record is in all respects regular and without apparent error thereon.

It appears from the transcript of the evidence contained in the record that the trial of this case proceeded throughout without objection or exception. No exceptions were reserved to any ruling of the court upon admission of the testimony, nor to the oral charge of the court. No written charges were requested, nor was there a motion for a new trial.

As stated, the record proper in this transcript is free from irregularity. The transcript of the evidence fails to show that any exception was reserved, in any manner, to any action or ruling of the trial court on the trial.

In respect of cases in the category to which this case belongs, the jurisdiction this court has is appellate only. Review here, in such cases, is limited to those matters upon which action or ruling at nisi prius was invoked and had. Accordingly, where the evidence is deemed insufficient to warrant a conviction a ruling of the trial court on that proposition must be properly (usually by special instruction requested) invited, in order to invoke or justify a review of the question, so raised below, by this appellate court. Such is the settled rule, on principle and in practice, by which this court is bound. We, perforce, therefore must and do order, and adjudge, that the judgment of conviction from which this appeal was taken will stand affirmed. Dodson et al. v. State, 27 Ala.App. 286, 287, 171 So. 384, and numerous cases cited

Affirmed.