282 So.2d 322

**John Thomas BROWN**

v.

**STATE.**

**6 Div. 398.**

Court of Criminal Appeals of Alabama.

Aug. 21, 1973.

John D. Prince, Jr., Birmingham, for appellant.

William J. Baxley, Atty. Gen., and Joseph G. L. Marston, III, Asst. Atty. Gen., for the State.

WILLIAM C. BIBB, Circuit Judge.

Appellant was convicted of burglary in the first degree and sentenced to imprisonment in the State penitentiary for a term of thirty years. From the judgment of conviction he appeals *in forma pauperis*, through assigned counsel.

There was evidence that the felony intended or committed was carnal knowledge

of a girl in the house, aged 13 years. We are not required to determine whether or not the defendant intended or accomplished the Common Law crime of rape. Carnal knowledge of a girl of the age of 13 is a felony. Code of Alabama 1940, Title 14, § 399.

There are 33 so-called assignments of error in appellant's brief. The first 32 deal separately and serially with the refusal of all written charges offered by appellant. The last "assignment of error" complains that the trial court erred in allowing the District Attorney to question defendant as to details of prior offenses.

There was no objection, motion, or other effort by defendant to invoke any ruling by the trial court in that regard. (R. 74–76) The judge admonished the State, *ex mero motu.*

Each of the proffered written charges was separately marked "refused" and initialed by the judge. In addition to this, on the face of Charge 1, the judge wrote, above the word "refused" and the initials "J. J. J.," the words "Charges stapled together."

In the transcript of the testimony, R. 13–90, there were 14 objections to questions, and the ruling was against the defendant 11 times. (R. 42, 43, 55, 56, 57, 74, 87, and 88) No ruling or testimony was claimed as error, but no assignment of error is required in an appellate court. Code of Alabama 1940, Title 15, § 389.

The first three of these unfavorable rulings were merely admonitions against leading the defendant's own witnesses. The next two rulings were as to the form of the question or answer.

The complaining witness was never asked whether or not she had made any contrary statements prior to testifying as to the occurrence involving her. Objections were sustained to questions seeking to elicit testimony from other witnesses that the complaining witness had stated on other occasions that no rape occurred or that nothing at all had happened on the night of the alleged crime. (R. 56, 87, 88.) Objection was also sustained to the question: "Did she say that anyone had asked her to say anything in particular about that night?" (R. 57) Here, too, no predicate had been laid. Objection was also sustained to defense attorney's question to defendant whether defendant had spent the time from his arrest to his trial in jail. However, defendant had already answered, "No, sir."

We find no harmful error in the rulings as to testimony. The oral charge was adequate, correct, and unexceptionable. No exception was taken.

"Assignment of error" Number 33 is without merit for the reason that the power of the trial court to cut off or limit inquiry of defendant concerning prior offenses or details thereof was never invoked.

True, we are bound to search the record for harmful error. Code, Title 15, § 389; but where no ruling was invoked or made, there is nothing for us to review. Lockwood v. State, 33 Ala.App. 337, 33 So.2d 401.

Written, requested charges offered in bulk may be refused in bulk if any one of such charges may properly be refused if standing alone. Ragsdale v. State, 12 Ala. App. 1, 67 So. 783 (h.n. 26 in official report).

We do not decide here that the record sufficiently shows that all charges were stapled together when tendered; or, if so, that such was an offer in bulk. We will proceed as if each charge were offered separately.

Charges 1, 2, 15, 17, and 32 are elliptical. Furthermore, the first proposition in Charge 32 is not based upon a consideration of the evidence.

Charges 6, 8, 9, 18 are what have been called "single juror" charges. Charge 6 is not predicated upon a consideration of the evidence, and neither is Charge 9.

■ Charge 8 appears to be a correct statement of the law and, besides expressing the "single juror" conception, it requires each juror to be convinced from the evidence beyond a reasonable doubt before there could be a verdict of guilty. The latter conception is expressed in the oral charge (R. 91, 92), as is the former (R. 99). Certain "single juror" charges have been condemned as giving a juror the idea that he might entertain a reasonable doubt without consultation with the other jurors. Wilson v. State, 243 Ala. 1, 8 So.2d 422.

Charge 18 contains the foregoing two conceptions, and also states the presumption of innocence and its effect. This is fully and correctly covered in the oral charge. (R. 91, 92)

Charge 3 is that if the jurors are not convinced from the evidence of guilt, they must acquit. This is similar to Charge 31 and to the first proposition of Charge 8. Charge 31 is substantially the same as the first proposition of Charge 8. This proposition was adequately and correctly stated by the learned trial judge in his oral charge. (R. 91, 92.) Again, on Page 99 of the transcript, in his able charge the trial judge stated:

"* * * if after a full and fair consideration of all the evidence in this case, *if* (sic) you are not convinced beyond a reasonable doubt and to a moral certainty that the defendant is guilty and *if* (sic) you should so find him not guilty, the form of your verdict would be: 'We, the jury, find the defendant not guilty * * *.'

"* * * * you have * * * heard * * that if any juror is not satisfied of the defendant's guilt and to a moral certainty you cannot convict him, and that is true because it must be a unanimous verdict * * *."

Charge 11 is also substantially the same as the first proposition in Charge 8 and is adequately covered in the oral charge.

■ Charge 4 states the proposition that, upon a consideration of all the evidence, if a reasonable doubt founded on any of the evidence exists, the proper verdict is not guilty. Charge 7 is substantially the same. The learned trial judge stated:

"The whole evidence should be weighed, and if, after considering all the evidence, the jury has a reasonable doubt of the defendant's guilt arising out of any part of the evidence, you should acquit the defendant." (R. 96)

■ Charge 5 is that defendant is entitled to the presumption of innocence as a fact that must be considered and not disregarded. Charges 21 and 22 state the same proposition and the additional proposition that the indictment is not evidence but a method of putting defendant on trial.

The learned trial judge charged:

"* * * this defendant enters into this trial with the presumption he is * * * innocent. This is a presumption not only of law but of evidence; it is such that it can be overcome only by evidence of defendant's guilt beyond a reasonable doubt and to a moral certainty, and the burden is on the State * * *." (R. 91)

Then on Page 92:

"* * * this indictment I read to you is not evidence in this case. * * * It is merely the vehicle by which a charge against a defendant is brought into court for your consideration * * *."

Charges 10, 14, 23, 25, and 29 are peculiarly appropriate to a case resting wholly or partly on circumstantial evidence. The breaking and entering, *vel non*, by defendant rested upon circumstantial evidence as did, of course, his intent. Two witnesses swore they saw and recognized him in the house, and one of them, the girl, swore he copulated with her or attempted to do so.

Charges 10 and 29 are identical. This group of charges, some with appropriate reminders of the necessity of a belief in guilt from the evidence beyond a reasonable doubt and to a moral certainty, state or attempt to state the requirement that the circumstances that point to guilt must also exclude every reasonable hypothesis but that of guilt, and, if any of such circumstances are equivocal, they are an insufficient basis of a verdict of guilty or as proof of an element of the crime. Wilson v. State, supra.

The learned trial judge charged on the subject of circumstantial evidence (R. 95), and fully covered the same principles as these five charges.

There being no given written charges, Charge 12 became inappropriate to this case.

Charge 13 was adequately covered in the oral charge. (R. 93)

Charge 16 is not based upon a consideration of the evidence, and if it states anything not otherwise stated it is that reasonable doubt may exist without a probability of innocence. Charges 19, 24, and 30 point out that the burden is never on the defendant to prove or disprove anything, and even if his proof fails or is lacking, the burden is still upon the State to prove him guilty from believable evidence and beyond a reasonable doubt; and if the State fails, the verdict must be "Not guilty."

■ There is no direct statement that the burden of proof remains on the State where defendant's proof fails or his evidence is false. However, the insistence and reiteration throughout the oral charge that the defendant is entitled to the presumption of innocence as a matter of law and of fact; that the burden is on the State; that if, after considering all the evidence, there does not remain an abiding conviction of guilt, defendant should be acquitted; that the testimony of defendant should be considered along with all the other testimony; that (defendant) should not be convicted unless the evidence excludes to a moral certainty every reasonable hypothesis but that of the defendant's guilt; that the circumstantial evidence in the case did not come up to the full measure of proof required by the law if such circumstances could be reconciled with the theory that defendant was innocent; that the burden was on the State to convince the jury from the evidence beyond a reasonable doubt and to a moral certainty; that (alibi evidence would be sufficient when conisdered with all the evidence if it) generated in the minds of the jury a reasonable doubt of the defendant's guilt; that, on the whole evidence, if the jury had a reasonable doubt growing out of any part of the evidence, the defendant should be acquitted; should have convinced the jury that they could not convict for the lack of a probability of innocence and must acquit upon a reasonable doubt.

Charges 19, 24, and 30 were fully and adequately covered, as has just been demonstrated.

Charge 20 was adequately covered in the oral charge. (R. 93)

Charge 26 was also fully and adequately covered. (R. 91, 93)

Charges 27 and 28 state the same proposition and are fully and adequately covered. (R. 91, 92, 95, 96, 97)

Charge 30 contains the same proposition as Charge 4 by stating that a reasonable doubt may arise out of "any or all the evidence." Charge 4 predicates such a doubt upon "any part of the evidence." Additionally, Charge 30 states that the burden is never on the defendant to establish innocence or disprove facts. In this, Charge 30 is similar to Charges 16, 27, and 28.

The principle is fully and correctly dealt with in the oral charge. (R. 91, 92, 95, 96, and 99)

Refusal of defendant's proper requested charges was not error, where requested

charges were covered by the oral charge. Wilson v. State, supra; Code of Alabama 1940, Title 7, § 273.

Under the mandate of Code 1940, Title 15, § 389, we have searched the entire record for error and find none.

Prepared by Hon. William C. Bibb, Circuit Judge, temporarily on duty on the Court pursuant to Subsection (4) of § 38, Title 13, Code 1940, as amended; and adopted as its own by the Court.

The judgment below is hereby

Affirmed.

All the Judges concur.